## LAWSON, *v.* STATE.

[88 South. 325, No. 21617.]

EMBEZZLEMENT. *Proof of fiduciary relation necessary.*

> Under indictment for embezzlement, proof of a fiduciary relation must be made before conviction lies for appropriating funds; and where the state's evidence shows no agency or relation of trust, but shows contractual payment of funds by owner to contractor, *held*, that embezzlement is not proven and accused should be discharged.

APPEAL from circuit court of Panola county.

HON. E. D. DINKINS, Judge.

B. T. Lawson was convicted of embezzlement, and he appeals. Reversed and appellant discharged.

*L. A. Smith,* for appellant.

Embezzlement involves the following elements to make out the statutory crime: 1st. It must be shown that the thing converted or appropriated is of such a character as to be within the protection of the statute. 2nd. That it belonged to the master or principal. 3rd. That it was in possession of the accused at the time of the conversion, so that no trespass was committed in taking it. 4th. That accused occupied the designated fiduciary relation. 5th. That his dealing with the property constituted a conversion of it. 6th. That there was a fraudulent intent to deprive the owner of it.

The relation with reference to the two thousand one hundred dollars, if it be not taken to be the first payment on a contract to erect the building, thereby becoming at once the property of Lawson, the appellant, then at most it was merely a loan to him to enable him to finance the purchase of lumber, and in either event he cannot lawfully be convicted of embezzlement on account thereof.

It would be imprisonment for debt, as prohibited by section 30 of our Constitution.

Corpus Juris, page 422, volume 20, says: "If the relation between the prosecutor and accused with reference to the money or property received or held by accused is merely that of debtor and creditor, as where one employed as agent or broker is authorized to mix money received by him with his own, accused is not guilty of embezzlement in using the money for his own benefit. That same work cites *Clark* v. *State,* 61 Tex. Cr. 539, 135 S. W. 575. In that case the work was to be repairs on the house of the prosecutor, who took a note and lien to secure payment of the note for the advancement made; in the instant case no note was taken and no contract lien, because our laws provide a statutory lien. That is the only difference in the two cases. One would be rather surprised, anyway, to find another case like this one in the law books, does it not appear so? Hence an exact precedent need not be looked for. It appears extraordinary that facts like these should be made the basis of criminal prosecution, and, without doubt, if the Como Church had taken a bond from Lawson for the faithful performance of the contract they would be suing instead of prosecuting.

The nearest to this case that can be found by the author is the above case and also the following: "Where accused agreed, in consideration of a certain sum to endeavor to secure a loan for prosecutor and to return the sum so paid if he failed to procure the loan, his failure to return that sum upon failing to procure the loan did not constitute embezzlement but merely a breach of contract." *Johnson* v. *State,* 102 Ark. 139, 143 S. W. 593. Statutes making it a crime fraudulently to embezzle and convert trust money do not apply to a case where money is advanced as payment on a contract which the party fails to perform, even tho, he may have intended not to perform the same when he appropriated the money. *Keeler* v. *State,* 4 Tex. App. 527.

The only trust in this case was that the prosecuting witness trusted that Lawson would perform his contract, trusted his word, but every time a trust in the word or promise of another is disappointed, a crime does not eventuate. That is not the kind of trust the law intends. The fact of the trust itself must be proven beyond a reasonable doubt, clearly, definitely, and to a moral certainty. That was not done in this case, and the author contends that it is very, very, doubtful if the evidence makes out a *corpus delicti.* Embezzlement is a criminal breach of trust, but every breach of trust is not embezzlement The statutes were not intended to cover every breach of trust, nor even every fraudulent breach of trust, and render it a criminal offense. 20 C. J. 423, and authorities cited in Note 98.

The statutes defining and promoting embezzlement like other penal statutes, are to be strictly construed, and no one can be punished under them, however grevious his wrong, who is not fairly comprehended within their precise language. It is not enough that he may come within the spirit and intent, 20 C. J. 439 and note, citing authorities.

The indictment charged that appellant was the servant or agent of the Como Colored Methodist Church. He was nothing of the sort, he was a contractor who contracted to build a certain building for a certain sum, payable in a certain way, and to complete the work in a certain time. Otherwise, he could and doubtless did have other contracts on which he was working and his time and labor and means and methods were under his own direction and of no one else. A servant is one in the employ of another, where the person so employed is under the control and direction of the employer, and whose duty it is to obey the latter in the performance of the particular service at all times, and in every particular. *Peo* v. *Treadwell,* 69 Cal. 226, 10 P. 502. An agent is one to whom authority has been delegated to act for and in the name of another, and who is not under his employer's immediate control. In

the instant case, appellant was not an agent because he received the money and as an advance payment on a complete contract bottomed on two necessities, material and labor as well as manager besides. All these he was to furnish in his own way without direction or control from the Como Church in any shape, form or fashion, and the job was a turn key job, and Lawson was not working as an agent of the church, but as an independent contractor, representing himself directly, and not acting on delegated authority from the church to follow their ideas and plans and procedure in the erection of the building, but his own. He was to build a church complete; they to pay for it. Each independent and only obligated to each other under the law of contract. Lawson had no authority to commit them and they had none to commit him; neither had the right to make or discharge obligations for the other; neither had any right to direct or control the other in the performance of their obligations to each other. They could sue for breach of contract and that alone.

The use of the alternative words, servant or agent, and the confusing of the statute embracing agents or servants with that providing for the receiving of something on contract were confusing to the jury and the motion of appellant that the district attorney elect under what head he was prosecuting and thereby make the issue definite and enable him to put his proof on intelligently should have been sustained. It was overruled. 20 C. J. "Embezzlement being a statutory offense the sufficiency of the indictment is to be tested, not by the rule of the common law, but by the requirements of the particular statute upon which it is bottomed. An indictment containing in one count so much of the language of two sections of the statute, of embezzlement as to leave it uncertain which of two different crimes of embezzlement is charged is insufficient." *State* v. *Messerger*, 58 N. H. 348. Where each count of the indictment leaves it doubtful of which of two crimes defendant is charged, the indictment is demurrable. *Com* v. *Pratt*, 137 Mass. 98. The trouble in the instant case was that

the indictment contained two charges in the alternative, and the proof put forward another one, and defendant was in the midst of confusion, worse confounded, while the court would not clarify matters by requiring the state to elect.

*H. Cassedy Holden,* Assistant Attorney-General, for appellee.

The essentials of the crime of embezzlement are properly stated in the brief of counsel for appellant. They are: First. The thing converted must be within the statute. Second. It must have belonged to the party toward whom the accused occupied a fiduciary relation. Third. That it came into possession of the accused lawfully. Fourth. That accused occupied a fiduciary relation. Fifth. That the dealing of the accused with the property constituted a conversion of same. Sixth. That there was a fraudulent attempt to deprive the owner of it.

The first essential is unquestionably made out by the evidence for the state. The thing converted was one hundred dollars in cash and the proceeds of a bank draft for two thousand dollars. These objects are certainly within section 864, Hemingway's Code (Section 1136, Code of 1906).

The second essential is established fully by the evidence. It was shown that the money embezzled belonged to the Como Colored Methodist Church for whom the defendant was acting as agent and toward whom he occupied a fiduciary relation as such agent.

The third essential was fully established by the evidence. The money and the bank draft came into the hands of the accused lawfully.

The fourth essential was also established by the evidence. According to the testimony of the state's witness, the money was paid to the defendant for the specific purpose of purchasing materials with which he was to build a church edifice for the said church. The appellant claim-

ed that he occupied no such fiduciary relation; but that his relation was that of one party to a contract, and that this money was simply the first payment on the contract.

· It is contended that a contractual relation only existed between the appellant and the officers of the church. The evidence does not bear out the contention of the appellant. On the other hand it shows that no contractual relations, except those between principal and agent, were intended by the parties. Had the parties intended to enter into a contract, they would have required a bond of the appellant before paying him any money on the contract. In such case bonds are always furnished by the contractor. But no bond was required in this case and it is readily apparent that the appellant was being employed by the officers of the church and he was not dealt with as an independent contractor. It is inconceivable that the appellant was paid two thousand one hundred dollars as an advance payment on a contract to construct a building, and was not required to execute a bond for the faithful performance of such contract. It is plain from the evidence that the officers of the church gave the appellant the money for the sole purpose of purchasing materials so that the construction of the building could be started immediately, this was the understanding between them as to the two thousand one hundred dollars. Upon the payment of this money the relation of principal and agent was formed and the appellant was guilty of embezzlement, within the meaning of the statute, when he took the money and absconded. If not guilty under section 864, then appellant was guilty under section 867, Hemingway's Code (Section 1139, Code of 1906). If the money which appellant received was not the money of his principal, then it was money delivered to him on a contract and as a trust fund, and he was guilty under the latter section. *People* v. *Ward* (Cal.), 111 Pac. 265; *State* v. *Russell* (Washington), 147 Pac. 194; *O'Morrow* v. *The State* (Tex.), 70 S. W. 209; *People* v. *Meadows* (N. Y.), 92 N. E. 129; *People* v. *Gregg* (Mich.), 135 N.

W. 970; *People* v. *O'Farrell* (Ill.), 93 N. E. 136; *State* v. *Brewington* (Del.), 78 Atl. 402.

Where the evidence is conflicting as to the existence of the relation of principal and agent, the question of agency is for the jury. *McCloskey Bros.* v. *Hood Milling Co.,* 119 Miss. 92, 80 S. O. 492. In the instant case this question was expressly left to the jury as shown by the first three instructions for the defendant and the instruction for the state. The jury found that the relation of principal and agent existed.

The appellant is guilty of a raw and highly reprehensible fraud. The verdict of the jury and the sentence of the court fully comports with justice. Embezzlement is a statutory crime. The statute is designed to cover cases of larceny which cannot be reached under the old statute and the common-law condemnation of larceny. Statutes providing punishment for certain forms of larceny called embezzlement, are designed for the very purpose of reaching persons like the defendant in this case. The defendant obtained the two thousand one hundred dollars lawfully and he cannot be convicted of larceny. Neither can he be convicted of obtaining money under false pretenses because he made no false pretenses which could be proved. If not guilty of embezzlement he is guilty of no crime under the law, and yet he has defrauded the members of this colored church to the extent of two thousand one hundred dollars.

It is respectfully submitted that he is guilty of embezzlement as defined by our statutes.

HOLDEN, J., delivered the opinion of the court.

B. T. Lawson appeals from a conviction for embezzlement, and urges reversal on the ground that the evidence introduced by the state does not sustain the charge of embezzlement.

In November, 1919, the Como Colored Methodist Church desired to erect a new church building, and had on hand available for that purpose two thousand eight hundred

and fifty dollars. The officers of the church organization entered into an agreement with the appellant, Lawson, to build the church for six thousand eight hundred' dollars, which included all labor and material. Following this, the appellant obtained from the church officers two thousand one hundred dollars in cash, with which, as he represented, to purchase the lumber and material, and place it upon the ground within a few days to be used in the construction of the building.

When the money was turned over to appellant, he left Como for Memphis for the ostensible purpose of purchasing the materials for the church. Instead of doing so, however, he absconded, and left for parts unknown, appropriated the money to his own use, and was arrested and returned from California several months afterwards. He did not testify in his own behalf, but relied upon the failure of the state in its proof of embezzlement, and requested a peremptory instruction, discharging him after the state had concluded its testimony.

We have very carefully considered the evidence introduced by the state as shown by the record in this case, and we are compelled to conclude that the proof fails to sustain the charge of embezzlement.

In short, the proof shows that the church officers contracted with appellant to build the church complete, including all materials and labor, for the contract price of six thousand eight hundred dollars. There was no written contract, nor was there any indemnifying bond required of appellant by the church organization. It appears that the two thousand one hundred dollars turned over to appellant, through his representation that he intended to go to Memphis and purchase material for the building, was paid to him on the contract price of six thousand eight hundred dollars, and was to be credited on the contract, and the money was not turned over to him in trust for the specific purpose of purchasing the materials for the building. Therefore the fiduciary relation, or relation of trust, essential to embezzlement, never existed

between the parties. The money was paid to appellant as the contractor, for which he became liable civilly, but not criminally, when he appropriated it to his own use.

We say the appellant was not liable criminally, so far as the charge of embezzlement is concerned, under the proof in this case. As to whether he is guilty of another crime than embezzlement we do not decide. That the appellant, morally speaking, is a swindler of the most reprehensible sort this record leaves no doubt; but it is our plain duty to adhere to the rules of law with reference to the essential elements constituting the crime charged. The rule protects the honest, but unfortunate, contractor from criminal prosecution for appropriating funds paid him upon the contract.

If the money was paid to appellant on the contract, instead of intrusting it to him as agent for the specific purpose of buying the material, then, of course, he was the owner of the money, and could not embezzle his own property; and the proof in this record shows no appropriation of funds intrusted as agent, but shows an appropriation of funds paid to the appellant upon the contract price for the building of the church.

The judgment of the lower court is reversed, and the appellant discharged.

*Reversed, and appellant discharged.*